# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON MITCHELL,<br><br>                Plaintiff,<br><br>         v.<br><br>JUNG HERNANDEZ, et al.,<br><br>                Defendants.<br>_____/ | CASE NO. 1:07-cv-01322-AWI-DLB PC<br><br>ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH FRCP 8, WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Shaulton J. Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 12, 2007, and filed an amended complaint on March 17, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.       Summary of Plaintiff's Amended Complaint**

Plaintiff is currently incarcerated at Salinas Valley State Prison. The events giving rise to the claims at issue in this action allegedly occurred at California State Prison - Corcoran. Plaintiff names J. Hernandez, Aguirre, Gutierrez, Masiel, Sloss, Compelbel, Bustos, Aguayo, Martinez, D. J. Ruiz, J. Jones, L. Cano, and Thompson as defendants.

   A.       Relief Sought

Plaintiff does not state in his amended complaint the relief he seeks. A complaint must contain a "demand for the relief sought". FRCP 8(a)(3). The court shall dismiss plaintiff's amended complaint, and plaintiff shall be granted leave to file a second amended complaint. In his second amended complaint, plaintiff must include a prayer for relief.

In the paragraphs that follow, the court will screen plaintiff's amended complaint in order to identify any further deficiencies plaintiff must also cure in his second amended complaint.

   B.       April 5, 2007 Incident

Plaintiff alleges that on April 5, 2007, defendant Hernandez informed him that because another inmate required a lower tier cell, plaintiff would be moved to another cell. Plaintiff contends that defendants Hernandez and Aguirre transferred him to a cell with a defective toilet. Plaintiff states that defendants Hernandez and Aguirre transferred him because of his use of improper language towards correctional staff. Plaintiff alleges that the toilet did not work for four days.

Plaintiff alleges violations of the Eighth and First Amendments.

### I) Conditions of Confinement

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's

1 conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

2   Plaintiff's allegation that he was without a functioning toilet in his cell for four days, without
3 more, does not constitute an extreme deprivation, or a deprivation of the minimal civilized measures
4 of life's necessities. Hudson. Plaintiff's allegations are insufficient to state a cognizable claim for
5 relief under the Eighth Amendment.

6           ii)     Retaliation

7   Plaintiff alleges that defendants Hernandez and Aguirre transferred him to a different cell in
8 retaliation for plaintiff using improper language towards prison staff.

9   Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition
10 the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.
11 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65
12 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment
13 retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action
14 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled
15 the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance
16 a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

17   The use of foul language towards prison staff is not protected conduct. Further, plaintiff
18 states that he was informed by defendant Hernandez that a new inmate with a lower tier chrono was
19 arriving from the hospital, and that plaintiff would therefore need to switch cells. Plaintiff's
20 amended complaint does not state a cognizable retaliation claim against defendants.

21     C.     Conditions of Confinement - April 25, April 30, and May 1 -3, 10, 17, 2007 Incidents

22   Plaintiff states that on the above dates, he was denied both breakfast and lunch. Plaintiff
23 states that on April 25, 30, and May 1, 2007 plaintiff was denied breakfast and lunch for failing to
24 follow instructions. On May 2, 2007, plaintiff alleges that he was not given breakfast or lunch after
25 arguing with defendants Hernandez and Aguirre. Plaintiff states that on May 3, 2007, defendant
26 Hernandez accused plaintiff of trying to have him fired. Plaintiff states that on May 10, 2007, he was
27 denied breakfast and lunch by defendants Gutierrez and Bustos after defendant Gutierrez identified
28 plaintiff to defendant Bustos. On May 17, 2007 plaintiff states that he was denied his meals because

1  defendants Sloos and Aguayo thought he was trying to have everyone fired. Plaintiff states that he
2  complained to defendant Martinez on April 25, 2007, and to both defendants Martinez and Ruiz on
3  May 3, 2007.
4     Plaintiff further states that he went without breakfast on July 16, 2007 because there was a
5  hair on his breakfast tray.
6     The court cannot find that defendants acted with deliberate indifference to a substantial risk
7  of harm by failing to provide him with breakfast and lunch on eight occasions, including the May
8  11, 2007 incident discussed below, over a four week interval. Further, plaintiff's refusal to eat
9  breakfast on July 16, 2007 because of a hair on his breakfast tray does not amount to deliberate
10 indifference. Plaintiff's allegations do not rise to the level of a constitutional violation.
11     D     Retaliation - May 11, 2007
12     Plaintiff states that on May 11, 2007, he was deprived of both lunch and breakfast by
13 defendants Hernandez and Masiel. Plaintiff states that defendant Hernandez told plaintiff, "I wish
14 someone would kick your ass for 602-en me", and then refused to give plaintiff his breakfast and
15 lunch.
16     Plaintiff states a cognizable claim for retaliation as against defendants Hernandez and Masiel.
17     E     Retaliation - September 9, 2007
18     Plaintiff states that on September 9, 2007, defendant Masiel again refused to serve him
19 breakfast or lunch, in retaliation for filing prison grievances. Plaintiff states a cognizable claim
20 against defendant Masiel for retaliation.
21     F.    May 30, 2007 Incident
22     Plaintiff alleges that on May 30, 2007, defendant Hernandez told plaintiff to "eat up".
23 Plaintiff states that defendant Hernandez held plaintiff's breakfast tray close to defendant's mouth
24 and saliva ejected. Plaintiff states that he went without breakfast.
25     Plaintiff's allegation does not rise to the level of a constitutional violation.
26     G.    Excessive Force and Failure to Protect - July 20, 2007 Incident
27     Plaintiff states that defendant Hernandez told plaintiff, "I wish I could hit you in the face".
28 Plaintiff states that he was attacked by defendant Hernandez, and that he informed defendant

Martinez. Plaintiff alleges use of excessive force and failure to protect.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged

6

deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety."  Id. at 837.

Assuming that defendant Hernandez's comment is the basis for plaintiff's allegation that he was attacked, plaintiff does not state a cognizable claim for use of excessive force.  The allegations as pled by plaintiff do not demonstrate that any force was used against plaintiff by defendant Hernandez. Hudson.  Based on the foregoing, plaintiff further fails to state a claim as against defendant Martinez for failure to protect.

H.	August 13, 2007 Incident

Plaintiff states that defendant Hernandez removed plaintiff from his cell while defendant Masiel removed plaintiff's mattress. Plaintiff alleges that defendant Martinez stated, "I have something for you and I know you won't like it but you will think about who's in charge", and placed a "green Blankft" in plaintiff's cell. Plaintiff states that he was without a mattress for 24 hours.

Construing plaintiff's allegations as a conditions of confinement claim, the court does not find that the deprivation of a mattress for one day constitutes an extreme deprivation, or a deprivation of the minimal civilized measures of life's necessities, to support an Eighth Amendment claim. Hudson.  (see also Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir.1988) (holding that allegation that inmate slept without a mattress for one night is insufficient to state an Eighth Amendment violation), judgment vacated on other grounds, 493 U.S. 801, 110 S.Ct. 37, 107 L.Ed.2d 7 (1989)).

Plaintiff's allegations are insufficient to state a cognizable claim for relief under the Eighth Amendment against the defendants.

I.	Access to the Courts

Plaintiff alleges that defendants Martinez, Thompson, Cano, and Jones each hindered plaintiff's ability to file grievances concerning his deprivation of food, thus preventing him from exhausting his administrative remedies.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518

7

U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Plaintiff has alleged no facts that demonstrate that he has suffered an actual injury. The appeals that plaintiff alleges went unanswered or unacknowledged concern the defendants' actions in depriving plaintiff of food. Given that plaintiff is currently pursuing those claims in this action, plaintiff may not be heard to complain that because his appeals have gone unanswered, he has suffered actual injuries with respect to those claims. Plaintiff's concern that he may in the future suffer a dismissal of his suit on the ground that he failed to complete the grievance procedure is insufficient to meet the actual injury requirement. Indeed, a number of courts have declined to dismiss for failure to exhaust where prison officials have rendered the process itself unavailable, either through the failure to respond in a timely manner or through the failure to respond at all. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). In joining the Eighth and Fifth Circuits with respect to this issue, the Seventh Circuit Court stated

that it "refuse[d] to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to the grievances.'" Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Goodman v. Carter, No. 2000 C 948, 2001 WL 755137, at *3 (N.D.Ill. July 2, 2001)). Thus, it is not a foregone conclusion that plaintiff will ultimately suffer dismissal because his appeals have gone unanswered. Until plaintiff suffers some actual prejudice with respect to his suit and this prejudice results from prison officials' failure to respond to his appeals, plaintiff has not suffered an actual injury. At this juncture, plaintiff's access to the courts claims stemming from the inadequacies of the inmate appeals process is premature.

J.     Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id.

9

(quoting Johnson at 743-44).

In the instant case, plaintiff's amended complaint contains no facts or allegations concerning defendant Compelbel. Accordingly, plaintiff fails to state a cognizable claim for relief as against this defendant.

### III.     Conclusion and Order

Plaintiff's complaint does not contain a prayer for relief, and is therefore defective. FRCP 8. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is informed that he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to comply with Rule 8;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his second amended complaint and any attempt to do so will result in an order striking the second amended complaint; and
5. If Plaintiff fails to file a second amended complaint, the Court will recommend that this action be dismissed.

IT IS SO ORDERED.

Dated:   **June 16, 2008**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE