# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON MITCHELL, | CASE NO. 1:07-cv-01322-AWI-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT CERTAIN DEFENDANTS BE DISMISSED |
| v. | |
| HERNANDEZ, et al., | (Docs. 18, 19) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**I.  Screening Order**

Plaintiff Shaulton Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on September 12, 2007. (Doc. 1.) Plaintiff filed his first amended complaint on March 17, 2008. (Doc. 14.) The Court dismissed Plaintiff's first amended complaint with leave to amend on June 17, 2008. (Doc. 16.) Plaintiff filed a second amended complaint on July 21, 2008. (Doc. 17.)

On December 16, 2008, the court issued an order finding that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendants Hernandez, Aguirre, Gutierrez, Compelbel, Masiel, Bustos, Sloss, Aguayo, and Martinez. However, the court found that plaintiff's allegations do not give rise to any claims for relief against defendants Jones, Cano, Ruiz, and Thompson. The court ordered plaintiff to either file a third amended complaint or notify the court that he wishes to proceed only on his cognizable claims. On December 29,

2008, plaintiff notified the court that he does not wish to amend and wishes to proceed only his cognizable claims. Based on plaintiff's notice, the instant Findings and Recommendations now issues.

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Summary of Plaintiff's Second Amended Complaint

Plaintiff is currently a state prisoner at Salinas Valley State Prison. Plaintiff was formerly imprisoned at Corcoran State Prison ("CSP") in Corcoran, California, where the acts he complains of occurred. Plaintiff names as defendants: Correctional Officers ("C/O") J. Hernandez, Masiel, Aguirre, Sloss, Compelbel, Gutierrez, Aguayo, and Bustos; Sergeants Martinez and Thompson; Lieutenant Ruiz; and Appeals Coordinators L. Cano and J. Jones.

Plaintiff alleges the following: On April 5, 2007, following an argument concerning some food, Plaintiff was moved by defendants Hernandez and Aguirre to a cell that had a non-functional toilet. Plaintiff filed an inmate appeal to be moved, but the complaint was not lodged. Plaintiff demanded that the defendants be fired and that he be compensated. Plaintiff stayed in that cell for several days, and complains of serious stomach pains, headaches, and dizziness. Plaintiff had a difficult time eating because of the smell. Plaintiff requested to be seen for medical treatment because of the odor but was denied. The toilet was finally fixed days later. (Doc. 17, pp. 6-7.)

On April 25, 2007, defendants Hernandez and Gutierrez refused to feed Plaintiff

1  breakfast and lunch.  Hernandez and Gutierrez falsely accused Plaintiff of covering up his light in
2  order to justify not feeding him those meals.  Plaintiff filed an appeal against them.  On April 29,
3  2007, Plaintiff was again deprived of breakfast and lunch.  Gutierrez and Hernandez again falsely
4  state that it was for refusing to uncover his light and refusing a meal.  From May 1, 2007 through
5  May 3, 2007, defendants Hernandez, Aguirre, Gutierrez, and Compelbel refused to feed Plaintiff
6  solely because he had submitted 602 complaints against them.  (Id., pp. 7-8.)

7  On May 10, 2007, Gutierrez and Bustos refused to feed Plaintiff breakfast and lunch.
8  (Id., p. 8.)  On May 11, 2007, Hernandez and Masiel refused to feed Plaintiff breakfast and lunch.
9  (Id.)  On May 17, 2007, Sloss and Aguayo refused to feed Plaintiff breakfast and lunch.  On July
10 16, 2007, Plaintiff was again denied breakfast and lunch by Hernandez.  Because Plaintiff wanted
11 to eat, Plaintiff eventually stopped filing 602 complaint forms.  (Id., pp. 9-10.)

12 Defendant Hernandez made repeated statements and threats, spat in Plaintiff's food, and
13 on one occasion shoved a breakfast tray into Plaintiff, resulting in a bump to Plaintiff's hand and
14 feet.  Plaintiff asked defendant Martinez to move him to a different section, but Martinez refused,
15 and stated that Hernandez might stop if Plaintiff stopped writing 602 appeals.  Martinez also
16 stated that he hoped Plaintiff would be hit again.  On August 13, 2007, Plaintiff made an angry
17 statement to Hernandez.  Masiel then removed Plaintiff's mattress from his cell.  (Id., pp. 11-12.)

18 Sergeants Martinez and Thompson received and processed Plaintiff's 602 appeals, but
19 intentionally interfered by not forwarding the complaint in a timely manner.  Defendants J. Jones
20 and L. Cano rejected Plaintiff's complaints for no reason at all.  (Id., pp. 12-13.)  Plaintiff alleges
21 claims based on poor living conditions, retaliation, deprivation of food, harassment, excessive
22 force, failure to protect, denial of access to court, violation of due process and equal protection.
23 Plaintiff seeks injunctive relief and monetary damages.

24 **C.     Pleading Requirements**

25 **1. *Federal Rule of Civil Procedure 8(a)***

26 "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
27 exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

28

3

U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff fails to link defendant Ruiz to some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff thus fails to state a cognizable claim upon which relief may be granted under section 1983 against Ruiz.

### D. **Plaintiff's Claims**

#### 1. *Eighth Amendment*

Plaintiff alleges a claim based on 1) his placement in a cell that had a non-functional toilet for several days; 2) deprivation of several meals; 3) excessive force and harassment; and 4) failure to protect. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a

substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

### (a) Non-functional Toilet

Plaintiff alleges that he was placed in a cell with a non-functioning toilet by Hernandez and Aguirre. The toilet was not fixed until several days later. (Doc. 17, pp. 6-7.) This is not sufficient to state a cognizable § 1983 claim. Routine discomfort is part of the penalty of incarceration. Plaintiff thus fails to state a cognizable Eighth Amendment claim regarding his toilet.

### (b) Deprivation of Food

Plaintiff alleges that he was denied approximately sixteen meals from April 25, 2007 to May 17, 2007 by defendants Hernandez, Aguirre, Gutierrez, Compelbel, Masiel, Bustos, Sloss, and Aguayo , and was denied two meals on July 16, 2007 by Hernandez. (Doc. 17, pp. 7-10.) The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the "minimal civilized measure of life's necessities." See Wilson v. Seiter, 501 U.S. 294, 298

(1991). Here, Plaintiff states a cognizable Eighth Amendment claim for deprivation of food.

### (c)   Excessive Force

Plaintiff alleges that Hernandez used excessive force when she intentionally slammed a breakfast tray into Plaintiff's hand and feet and that she intended to hurt Plaintiff. (Doc. 17, pp. 10-11.) "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff has alleged sufficient facts to state that Hernandez used force maliciously and sadistically to harm. Plaintiff has thus stated a cognizable Eighth Amendment claim for

7

excessive force against Hernandez.

Plaintiff also alleged harassment by Hernandez in the form of verbal threats. Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### (d) Failure to Protect

Plaintiff alleges that Martinez failed to protect Plaintiff from Hernandez's alleged excessive force when Martinez refused to transfer Plaintiff to another living unit despite being told of the incident. Plaintiff alleges that he told Martinez that Hernandez will continue to harass him if Plaintiff is not moved. Martinez allegedly stated that Plaintiff would remain there and hoped that Plaintiff would be hit harder. (Doc. 17, p. 11.) Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250-51; see Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . ." Id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

Plaintiff has stated a cognizable Eighth Amendment claim against defendant Martinez for failure to protect Plaintiff from alleged harm by Hernandez.

### 2. *Retaliation*

Plaintiff alleges retaliation by defendants Hernandez, Aguirre, Gutierrez, Compelbel, Masiel, Bustos, Sloss, and Aguayo for filing 602 complaints against them. (Doc. 17, pp. 7-10.) Masiel also allegedly retaliated by removing Plaintiff's mattress from Plaintiff's cell. (Doc. 17, pp. 11-12.) Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.

8

Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff alleges that these Defendants withheld food from Plaintiff because he filed grievances against them.  Plaintiff has stated a cognizable retaliation claim against defendants Hernandez, Aguirre, Gutierrez, Compelbel, Masiel, Bustos, Sloss, and Aguayo.

### 3.   *Due Process and Inmate Appeals*

Plaintiff alleges that Jones and Cano violated Plaintiff's due process by their adverse rulings against Plaintiff.  Plaintiff also alleges that Martinez and Thompson failed to submit Plaintiff's 602 appeal forms. (Doc 17, pp. 12-13.)  The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,

855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). As stated previously, actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Because Plaintiff has no liberty interest in the processing of inmate appeals, and because merely ruling adversely against an inmate's appeal is not a basis for § 1983 liability, Plaintiff fails to state a cognizable Due Process claim against defendants Jones, Cano, Martinez, and Thompson.

### 4. *Access to the Courts*

Plaintiff also alleges that his access to courts was denied. (Doc. 17, p. 12.) Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id. However, Plaintiff fails to allege any facts regarding this claim. Plaintiff alleges no actual injury or denial of access to the courts.

### 5. *Equal Protection*

Plaintiff claims that Martinez and Thompson violated Plaintiff's Equal Protection by failing to file Plaintiff's 602 complaint form. (Doc. 17, p. 12.) The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). If the action in question does not involve a suspect classification, a

10

plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Based on Plaintiff's allegations, Plaintiff fails to state a cognizable Equal Protection claim under § 1983 against Martinez and Thompson. Plaintiff fails to allege discrimination based on an impermissible motive or suspect classification.

### 6. *Supervisory Liability*

Plaintiff named Sergeants Martinez and Thompson and Lieutenant Ruiz as defendants, each of whom holds a supervisory position. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal

1  citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

2  Additionally, the argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005)); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

As stated previously, Plaintiff has alleged cognizable claims against Martinez. However, Plaintiff has not alleged any facts indicating that defendants Thompson or Ruiz personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646.

**II.     Conclusion**

The court finds that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against 1) defendants Hernandez, Aguirre, Gutierrez, Compelbel, Masiel, Bustos, Sloss, and Aguayo for conditions of confinement in violation of the Eighth Amendment and retaliation in violation of the First Amendment; 2) defendant Hernandez for excessive force in violation of the Eighth Amendment; and 3) defendant Martinez for failure to protect in violation of the Eighth Amendment. However, the court finds that plaintiff's allegations do not give rise to any claims for relief against defendants Jones, Cano, Ruiz, and Thompson.

The court provided plaintiff with the opportunity to file a third amended complaint but plaintiff opted to proceed on the claims found to be cognizable by the court. Accordingly, it is

HEREBY RECOMMENDED that:

    1.    This action proceed only against defendants Hernandez, Aguirre, Gutierrez, Compelbel, Masiel, Bustos, Sloss, Aguayo, and Martinez; and

    2.    Plaintiff's claims against defendants Jones, Cano, Ruiz, and Thompson be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **January 6, 2009**          /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE