# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL,<br><br>      Plaintiff,<br><br>  v.<br><br>C/O HERNANDEZ, et al.,<br><br>      Defendants.<br>_____/ | CASE NO. 1:07-cv-01322-AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR A COURT ORDER MANDATING PLAINTIFF BE PROVIDED WITH LAW LIBRARY ACCESS<br><br>(Doc. 27) |

    Plaintiff Shaulton J. Mitchell ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 13, 2009, plaintiff filed a letter seeking a court order requiring the prison provide him with law library access. (Doc. 27).

    First, a document requesting a court order must be styled as a motion, not a letter. See Fed. R. Civ. Pro. 7. Plaintiff is forewarned that any future request that is not in compliance with Rule 7 will be returned without filing.

    The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must

demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. A preliminary injunction does not serve the purpose of ensuring that plaintiff is able to litigate this action effectively or efficiently. This action is proceeding against 1) defendants Hernandez, Aguirre, Gutierrez, Compelbel, Masiel, Bustos, Sloss, and Aguayo for conditions of confinement in violation of the Eighth Amendment and retaliation in violation of the First Amendment; 2) defendant Hernandez for excessive force in violation of the Eighth Amendment; and 3) defendant Martinez for failure to protect in violation of the Eighth Amendment. (Doc. 20). The issuance of the order sought by plaintiff in his motion would not remedy any of the claims alleged in this action. Accordingly, the court lacks jurisdiction to issue such an order.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for a court order requiring that the prison provide him with law library access, filed March 13, 2009, be DENIED.

///
///
///
///
///
///
///

1 | These Findings and Recommendations will be submitted to the United States District Judge
2 | assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
3 | **days** after being served with these Findings and Recommendations, plaintiff may file written
4 | objections with the court. The document should be captioned "Objections to Magistrate Judge's
5 | Findings and Recommendations." Plaintiff is advised that failure to file objections within the
6 | specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
7 | 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 17, 2009**                     /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE