# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL,<br><br>             Plaintiff,<br><br>   v.<br><br>HERNANDEZ, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:07-cv-01322-AWI-DLB (PC)<br><br>ORDER STRIKING SURREPLY<br><br>(Doc. 47)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BE GRANTED IN PART AND DENIED IN PART<br><br>(Doc. 41)<br><br>OBJECTIONS, IF ANY, DUE WITHIN **TWENTY DAYS** |

**Defendants' Motion to Dismiss For Failure to Exhaust Administrative Remedies**

**I.      Background**

Plaintiff Shaulton J. Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed July 21, 2008, against defendants Aguayo, Bustos, Martinez, Compelbel, Hernandez, Gutierrez, Aguirre, Sloss, and Masiel for excessive force, deprivation of food, failure to protect, and retaliation.[1] On August 14, 2009, Defendants Bustos, Martinez, Compelbel, Hernandez, Gutierrez, Aguirre, Sloss, and Masiel filed a motion to dismiss

---

[1] Defendant Aguayo has not appeared in this action. All other claims and other defendants were dismissed. Defendant Hernandez is also known as "Jung-Hernandez." Defendant Compelbel is also known as "Compelube."

1

pursuant to the unenumerated portion of Rule 12(b), on the grounds that Plaintiff failed to exhaust his administrative remedies prior to filing this action. (Doc. 41, Defs.' Mot. To Dismiss.) On September 21, 2009, after receiving an extension of time, Plaintiff filed his opposition.[2] (Doc. 45, Pl.'s Opp'n.) On September 28, 2009, Defendants filed their reply. (Doc. 46, Reply.) The matter is deemed submitted pursuant to Local Rule 230(l).

On October 19, 2009, Plaintiff filed a reply to the Defendants' reply. (Doc. 47.) Sur-replies are generally not permitted unless required by the Court. See Local Rule 230(l). The Court did not grant Plaintiff leave to file a sur-reply. Accordingly, it is HEREBY ORDERED that Plaintiff's sur-reply, filed October 19, 2009, is STRICKEN.[3]

## II. Summary of Second Amended Complaint

Plaintiff alleges that while housed in the Security Housing Unit (SHU) at California State Prison at Corcoran (CSP-Cor), Plaintiff had a disagreement with correctional officer Mendoza regarding a cinnamon roll. Plaintiff was moved from cell 1 in A section to cell 34 in B section of the SHU. Plaintiff alleges that the toilet was not functional and informed Defendant Hernandez of this. Plaintiff alleges that he filed an inmate appeal (602) requesting that officer Mendoza and Defendant Hernandez be fired and he receive $26,000.

Plaintiff alleges that while in cell 34, he was provided with meals but was unable to eat due to the urine and feces in the toilet and the odor. Plaintiff alleges the odor caused him to vomit and produced stomach pains, headaches, hunger pains, and dizziness. Plaintiff alleges that he requested medical treatment but did not receive any. Plaintiff alleges that on April 10, 2007, Defendants Martinez and Hernandez denied his requests to be escorted for medical treatment.

Plaintiff alleges that on April 25, 2007, Defendants Hernandez and Gutierrez refused to feed Plaintiff his breakfast and lunch because he filed a 602 against Defendants Hernandez and Aguirre for forcing him to live in cell 34. Plaintiff alleges that Defendant Hernandez and

---

[2] Plaintiff was provided with the requirements for opposing an unenumerated 12(b) motion on June 1, 2009. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 37, Second Informational Order.)

[3] Out of an abundance of caution, the Court reviewed the sur-reply and finds that it would not affect the Findings and Recommendations herein.

2

Gutierrez falsely accused Plaintiff of covering his light so that they could have an excuse not to feed him. Plaintiff allegedly filed another 602 requesting that both Defendants be fired and he be compensated $26,000.

      Plaintiff alleges that Defendants Hernandez, Aguirre, Compelbel, and Gutierrez retaliated against him by continuing to refuse to feed him on May 1 through May 3, 2007. Plaintiff alleges that he submitted a 602 on May 1, 2007 regarding deprivation of food. Plaintiff alleges that Defendants Bustos and Aguirre also refused to feed him on May 10, 2007. Plaintiff alleges that he filed complaints against them by informing other officers. Plaintiff alleges that Defendant Bustos stated, "Is that the one you was talking about?", Defendant Bustos demonstrated that he was participating in the retaliation against Plaintiff. Plaintiff alleges that he submitted a 602 on May 10, 2007 against Defendants Gutierrez and Bustos.

      Plaintiff alleges that on May 17, 2007, Defendants Sloss and Aguayo joined in the retaliation by making derogatory statements about the plaintiff. Plaintiff requested his food from Defendants Sloss and Aguayo, but they walked away from him. Plaintiff alleges that he filed a 602 the same day against them.

      Plaintiff alleges that on May 11, 2006, Defendants Hernandez and Masiel refused to feed him. Plaintiff filed a 602 against them for retaliation, requesting that they be fired, and Plaintiff be compensated $26,000. Plaintiff alleges that on September 3, 2007, Defendant Masiel retaliated against Plaintiff by threatening Plaintiff with loss of his mattress because Plaintiff had filed a 602 against Masiel.

      Plaintiff alleges that on July 16, 2007, after Plaintiff informed Defendant Hernandez that there was hair in his food, Defendant Hernandez stated that if Plaintiff liked to write him up, he can write up this too. Plaintiff alleges that he submitted a 602 against Defendant Hernandez that night and was not given breakfast or lunch for the next three days as retaliation. Plaintiff alleges he stopped filing 602s because he wanted to eat.

      Plaintiff alleges that Defendant Hernandez harassed him on May 30, 2007 by spitting on his breakfast. Plaintiff alleges that he filed a 602 requesting that Defendant be fired and he be compensated. Plaintiff alleges that Defendant Hernandez made derogatory statements to him

through June 2007 that resulted in Plaintiff experiencing stress.

Plaintiff alleges that on July 20, 2007, Defendant Hernandez pushed a food tray through the food port and stated that she wished she should hit him in the face. Plaintiff alleges that Defendant Hernandez became mad at Plaintiff because he would not get his whole breakfast tray, and slammed the tray in the food port so that it would strike Plaintiff. Plaintiff alleges that he suffered a bump on the hand and foot as a result. Plaintiff alleges that he requested a medical request form, but Defendant Hernandez refused.

Plaintiff alleges that he asked Defendant Martinez to move him from the unit because Defendant Hernandez attacked him, and Defendant Martinez refused. Plaintiff alleges that after Plaintiff made a comment to Defendant Masiel that he did not like, Defendant Masiel retaliated by removing the mattress from cell 49, where Plaintiff was housed. Plaintiff alleges that he filed a 602 within eleven days after the incident.

### III. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S. Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S. Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S. Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d

4

at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## IV. Discussion

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2009). The process is initiated by submitting a CDC Form 602. Id. § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S. Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. See Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" is not required.)

Defendants contend that Plaintiff filed only two 602 inmate appeals related to claims in this lawsuit, and that neither was exhausted. (Doc. 41, Mem. Of P. & A. In Support of Mot. To Dismiss 7:8-11.) Defendants contend that Plaintiff failed to exhaust his administrative remedies for his retaliation claim and excessive force claims. Defendants also contend that Plaintiff's claims regarding food deprivation, retaliation by food deprivation, and failure to protect were never raised in any 602 inmate appeal. Defendants also contend that Defendants Bustos, Martinez, Compelube, Gutierrez, Sloss, and Masiel should be dismissed because Plaintiff does not name any of these Defendants in any 602 inmate appeal.

5

1 **A.    Retaliation Claim Against Defendants Hernandez and Aguirre**

Defendants contend that appeal No. COR-07-02434, submitted on April 26, 2007, concerned Plaintiff's issues with a cinnamon roll and retaliatory actions of Defendants Hernandez and Aguirre when they placed him in a cell without a functional toilet. (Mem. Of P. & A. 7:15-18.) Plaintiff requested an investigation. (Id. 7:18.) The informal level was bypassed. (Id. 7:19-20.) At the first level of review, Plaintiff was advised that his cinnamon roll was replaced, and that Plaintiff had informed the interviewer that the toilet did function if manipulated in a certain manner. (Id. 7:20-22.) At the second level of review, Plaintiff did not provide evidence that necessitated a revision of the First Level of review or a staff investigation. Plaintiff did not pursue this appeal to the director's level. (Id. 7:27-28.) Defendants submit as evidence 1) a declaration by J. Jones, appeals coordinator at CSP-Cor; 2) appeal No. CSP-C-5-07-02434; and 3) a declaration from N. Grannis, Director of Appeal in the Inmate Appeals Branch. (Doc. 41-3, Exh. 1, J. Jones Decl.; Exh. 2, Appeal No. CSP-C-5-07-02434; Exh. 4, N. Grannis Decl.)

Defendants have satisfied their burden of demonstrating that Plaintiff failed to exhaust administrative remedies as to his retaliation claim against Hernandez and Aguirre for the cell transfer. The burden shifts to Plaintiff to demonstrate that he exhausted all available administrative remedies.

In opposition, Plaintiff contends that he was prevented from exhausting his 602 inmate appeals by CSP-Cor appeals coordinators J. Jones and L. Cano, who screened out Plaintiff's 602 appeals without giving Plaintiff an opportunity to explain why his grievance was untimely. Plaintiff submits excerpts from his second amended complaint which detail these alleged actions.

Plaintiff has not demonstrated that he exhausted administrative remedies as to his claims against Defendants Hernandez and Aguirre for retaliatory cell transfer. The second level of review issued its decision regarding inmate appeal CSP-C-5-07-02434 on July 30, 2007, denying Plaintiff's request for an investigation. (Doc. 41-3, Exh. 2, Appeal No. CSP-C-5-07-02434.) There is no evidence that Plaintiff attempted to appeal inmate appeal CSP-C-5-07-2434 to the

director's level, or that he complied with prison regulations regarding inmate appeals.[4] Plaintiff's general allegations of interference with his ability to exhaust inmate appeals are not persuasive in this instance as they are unspecific to this appeal. Accordingly, Defendants have demonstrated that Plaintiff failed to exhaust his administrative remedies as to Defendants Hernandez and Aguirre for retaliatory cell transfer. Defendants' motion to dismiss should be granted for this claim, and the claim should be dismissed without prejudice.

### B. Excessive Force Claim Against Defendant Hernandez

Defendants contend that Plaintiff failed to exhaust his administrative remedies regarding Defendant Hernandez's alleged excessive force against Plaintiff. (Mem. Of P. & A. In Support of Mot. To Dismiss 8:6-13.) Defendants contend that Plaintiff had requested in grievance No. CSP-C-07-3401 that Defendant Hernandez be fired and that Plaintiff be allowed to press charges. (Id.) Defendants contend that grievance No. CSP-C-07-3401 was cancelled because Plaintiff refused to come out of his cell for an interview. (Id., 8:14-23.) Defendants submit as evidence grievance No. CSP-C-07-3401 and a declaration from N. Grannis. (Defs.' Mot. To Dismiss, Exhs. 3, 5.) Grievance No. CSP-C-07-3401 was cancelled pursuant to Title 15, section 3084.4 of the California Code of Regulations. Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies for this claim. The burden shifts to Plaintiff to demonstrate otherwise.

Plaintiff contends that because the Director level received this 602 appeal, he had exhausted administrative remedies since the Director's level had the opportunity to review the appeal. (Pl.'s Opp'n, Pl.'s Decl., p. 13 of 56.) This argument is incorrect. The PLRA requires that an inmate comply with prison regulations for exhaustion of administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S. Ct. 2378 (2006). Plaintiff's appeal was cancelled for appeal system abuse. See Cal. Code Regs., tit. 15§ 3084.4(d) ("appellant's refusal to be

---

[4] Plaintiff submits several exhibits demonstrating that he appealed the denial of his inmate grievances by appeals coordinators J. Jones, L. Cano, and sergeants Thomson and Defendant Martinez. (Doc. 45, Pl.'s Opp'n, Exhs. 4, 5.) Plaintiff contends that these exhibits demonstrate his inability to grieve any of his 602 appeals due to prison staff obstruction. Insofar as these grievances are not related to the claims remaining in this action, they are unavailing.

7

1  interviewed . . . shall result in cancellation of the appeal"). Plaintiff did not comply with prison

2  regulations, and thus did not comply with the requirements of the PLRA. Accordingly,

3  Defendants have demonstrated that Plaintiff failed to exhaust administrative remedies for his

4  excessive force claim against Defendant Hernandez. Defendants' motion to dismiss should be

5  granted for this claim, and the claim should be dismissed without prejudice.

**C.  Food Deprivation, Retaliatory Food Deprivation, and Failure To Protect**

Defendants contend that Plaintiff did not submit any 602 appeals regarding food deprivation, retaliation by food deprivation, or failure to protect, and thus Plaintiff failed to exhaust these claims. Defendants submit as evidence declarations from J. Jones and N. Grannis. (Defs.' Mot. To Dismiss, Exh. 1, J. Jones Decl.; Exh. 4, N. Grannis Decl.) Appeals coordinator Jones declares that Plaintiff did not submit any appeal at CSP-Cor regarding food deprivation, retaliation by food deprivation, or failure to protect. (J. Jones Decl. ¶ 7.)

In opposition, Plaintiff submits several appeals. Grievance No. CSP-C-5-07-04878 was a 602 appeal regarding his food deprivation claim against Defendants Masiel and Aguirre. (Pl.'s Opp'n, Exh. 2, Grievance No. CSP-C-5-07-04878.) Plaintiff alleges in this 602 appeal that Defendants Masiel and Aguirre denied him breakfast and lunch on October 5 and October 7, 2007. This appeal concerns events that were not alleged in Plaintiff's second amended complaint, and are not claims before this Court. Grievance No. CSP-C-5-07-4878 is thus unavailing.

Plaintiff also submits as evidence an informal appeal. (Pl.'s Opp'n, Exh. 3, pp. 30-33.) This appeal was submitted on May 6, 2007, and complained of denial of morning meals by Defendants Jung-Hernandez, Gutierrez, Bustos, Aguayo, Compelbel, and Sloss. (Id.) Plaintiff complained of denial of meals on the following dates: 4/25/07, 4/30/07, 5/01/07, 5/02/07, 5/03/07, 5/07/07, 5/09/07, 5/10/07, and 5/17/07. (Id.) Plaintiff requested monetary relief and for Defendants to give him food that he did not receive. (Id.) Sergeant A. Baer interviewed Plaintiff on June 9, 2007 and subsequently denied Plaintiff's request on the grounds that Plaintiff refused to uncover his light, which posed a security threat and constituted a refusal of service. (Id.) Plaintiff appealed this issue to the first level of review, but it was denied because appeals coordinator Cano found that Plaintiff failed to sign and date the 602 appeal. (Id.) However,

8

Plaintiff contends that he did sign the 602 appeal and that Cano was mistaken. (Id.) Plaintiff resubmitted this appeal. (Id.)[5] There is no further explanation as to what subsequent action was taken, if any.

Based on the submitted evidence, the Court finds that Defendants have not demonstrated that Plaintiff failed to exhaust his administrative remedies as to the deprivation of food by Defendants Hernandez, Gutierrez, Bustos, Compelbel, and Sloss. In their reply, Defendants contend that Plaintiff's 602 appeal regarding food deprivation was returned because Plaintiff failed to complete the 602 appeal by not signing it. (Defs.' Reply 3:13-18.) However, on the rejection form, Plaintiff contends that he did sign the 602 appeal, and the error was on the part of the appeals coordinator. (Pl.'s Opp'n, Exh. 3.)

The PLRA's exhaustion requirement creates an affirmative defense that must be raised and proven by defendants. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Errors on the part of prison officials that prevent inmates from exhausting administrative remedies are exceptions to the administrative grievance requirement in the PLRA. See Nunez v. Duncan, No. 04-36146, slip op. at 766-67 (9th Cir. January 11, 2010) (citing exceptions to PLRA exhaustion requirement found in other circuits). Contrary to Defendants' initial assertions, Plaintiff did submit an informal appeal regarding food deprivation, and attempted to appeal this decision to the first level of review. Defendants contend that it was Plaintiff's error that resulted in the rejection of the 602 appeal at the first level of review, but the evidence submitted by Plaintiff indicates that the error was on the part of the appeals coordinator. Defendants have not sufficiently demonstrated that Plaintiff failed to exhaust all available administrative remedies for this claim. Accordingly, Defendants motion to dismiss Plaintiff's food deprivation claim for failure to exhaust is denied.

Plaintiff's informal appeal does not allege any retaliatory purpose for the food deprivation, and there is no appeal that mentions a failure to protect by any defendants. Thus, Defendants

---

[5] There is some question as to when Plaintiff filed his 602 appeal for first level review, and when the rejection decision was returned. The rejection decision is dated June 19, 2007, but Plaintiff claims on the same form that he did not receive it until July 26, 2007, and that he resubmitted the appeal on August 27, 2007. (Pl.'s Opp'n, Exh. 3.) However, the specific dates are not determinative of the outcome in this instance.

have demonstrated that Plaintiff failed to exhaust his administrative remedies for retaliatory food deprivation and failure to protect. Defendants' motion to dismiss should be granted as to the retaliatory food deprivation and failure to protect claims, and those claims should be dismissed from this action without prejudice.

### D.     Failure to Name Certain Defendants

Defendants also contend that Plaintiff's claims should be dismissed against Defendants Bustos, Martinez, Compelbel, Gutierrez, Sloss, and Masiel because he failed to name them in any grievance. (Mem. Of P. & A. In Support of Mot. To Dismiss 9:9-16.) There is no requirement in the inmate grievance process that Plaintiff have named each defendant. See Jones, 549 U.S. at 218-19 ("The level of detail necessary in a grievance to comply with the grievances procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion . . . . [E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances."). The inmate appeal form CDC-602 does not require identification of specific individuals. See Cal. Code Regs., tit. 15 § 3084.2(a). Inmates need only alert the prison of the nature of the wrong and the redress sought. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quotations and citations omitted). Thus, Plaintiff failed to exhaust administrative remedies for his claim of failure to protect against Defendant Martinez as there is no evidence of any 602 inmate appeal that grieves a failure to protect. Defendant Masiel is likewise dismissed, as there is no evidence of Plaintiff filing 602 appeals regarding Masiel's alleged conduct in this action.[6] As stated previously, Plaintiff submitted an informal appeal in which he clearly named Defendants Gutierrez, Bustos, Compelbel, and Sloss for deprivation of his meals

### V.     Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS the following:

1.     Defendants' motion to dismiss for Plaintiff's failure to exhaust administrative

---

[6] As stated previously, Plaintiff had filed a 602 appeal against Defendant Masiel for deprivation of food on October 5 and 7, 2007. However, that was not a claim alleged in the second amended complaint and thus not relevant to the motion.

remedies, filed August 14, 2009, is GRANTED as to Plaintiff's claims of failure to protect, excessive force, retaliatory cell transfer, and retaliatory food deprivation and those claims are DISMISSED without prejudice;

2. Defendants Martinez, Aguirre, and Masiel are dismissed from this action;

3. Defendants' motion to dismiss is DENIED as to Plaintiff's claims of food deprivation;

4. This action proceeds against Defendants Hernandez, Bustos, Compelbel, Gutierrez, and Sloss for food deprivation in violation of the Eighth Amendment; and

5. Defendants Hernandez, Bustos, Compelbel, Gutierrez, and Sloss are to file an answer to the second amended complaint within twenty days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated: February 8, 2010**          /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE