# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL, | CASE NO. 1:07-CV-01322-AWI-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (DOC. 83) |
| HERNANDEZ, et al., | |
| Defendants. | |

Plaintiff Shaulton J. Mitchell ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). On November 17, 2010, Plaintiff filed a motion for extension of time to obtain discovery requests. Doc. 70. On November 19, 2010, Defendants filed an opposition. Doc. 71. Defendants contend that they provided responses to all of Plaintiff's discovery requests. On January 14, 2011, the Magistrate Judge disregarded Plaintiff's motion for extension of time. Doc. 72.

On February 11, 2011, Plaintiff filed another motion for extension of time in order to obtain discovery from Defendants. Docs. 79, 80. On February 16, 2011, the Magistrate Judge denied Plaintiff's motion as moot, as Plaintiff failed to explain what discovery he failed to obtain, citing to the January 14, 2011 Order. Doc. 81. Pending before the Court is Plaintiff's motion for reconsideration of the Magistrate Judge's order, filed March 1, 2011. Doc. 83.

Pursuant to Federal Rule of Civil Procedure 72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); L. R. 303. The assigned district judge may

1  also reconsider any matter sua sponte.  L.R. 303(g).

2  Under the clearly erroneous standard of review, a district court may overturn a Magistrate Judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'"  *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).  Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge.  *Id.*

Plaintiff contends in his motion for reconsideration that he attempted to obtain inmate appeal forms, complains, and information regarding misconduct by the Defendants.  The Defendants objected to Plaintiff's requests as vague and ambiguous as to "any and all complaints and/or information."  Plaintiff is requesting a 30-day extension of time to re-submit his discovery requests to Defendants in order to obtain these documents.

Pursuant to the Court's March 23, 2010 Discovery and Scheduling Order, the discovery cut-off date was November 23, 2010.  Doc. 58.  By seeking an extension of time, Plaintiff is seeking to modify the scheduling order, which requires a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  Plaintiff is apparently dissatisfied with the discovery responses that he received.  However, Defendants did respond to all of Plaintiff's discovery requests.  Plaintiff does not provide good cause for modification of the scheduling order.  The Court does not find that the Magistrate Judge's order was clearly erroneous or contrary to law.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed March 1, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   April 13, 2011

CHIEF UNITED STATES DISTRICT JUDGE