# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL,<br><br>        Plaintiff,<br><br>    v.<br><br>HERNANDEZ, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-CV-01322-AWI-DLB PC<br><br>ORDER GRANTING DEFENDANTS' SECOND MOTION TO MODIFY SCHEDULING ORDER (DOC. 82)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED TO TRIAL (DOC. 85)<br><br>ORDER DENYING PLAINTIFF'S MOTION REGARDING LOCATING JAMES GARCIA (DOC. 92)<br><br>ORDER DENYING PLAINTIFF'S MOTION REGARDING DISCOVERY (DOC. 93)<br><br>OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DUE WITHIN TWENTY-ONE DAYS |

    Plaintiff Shaulton J. Mitchell ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Hernandez, Gutierrez, Sloss, Bustos, Compelube. Pending before the Court are: 1) Defendants' second motion for modification of the scheduling order, filed February 28, 2011; 2) Plaintiff's motion to proceed to trial, filed March 8, 2011; 3) Plaintiff's motion to locate James Garcia, filed May 9, 2011; and 4) Plaintiff's motion for further discovery, filed May 16, 2011.

**I.    Defendants' Motion To Modify Schedule**

    Defendants move for a second modification of the schedule. Defendants requested an extension of the dispositive motion deadline from February 28, 2011 to March 30, 2011. Defs.'

1

1 Mem. P. & A. Support Mot. 2:13-2:22.  Defendants' counsel contends that he had several
2 pressing deadlines which made it impossible for counsel to complete the motion by February 28,
3 2011.  Plaintiff opposes the motion, contending that Defendants' counsel has had adequate time
4 to prepare a motion for summary judgment.  Pl.'s Opp'n, Doc. 84.  Defendants subsequently filed
5 their motion for summary judgment on March 15, 2011.

6      The decision to modify a scheduling order is within the broad discretion of the district
7 court.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller
8 v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).  Pursuant to Federal Rule of Civil
9 Procedure 16, a pretrial scheduling order "shall not be modified except upon a showing of good
10 cause," and leave of court.  Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d
11 1080, 1087-88 (9th Cir. 2002).  Although "the existence or degree of prejudice to the party
12 opposing the modification might supply additional reasons to deny a motion, the focus of the
13 inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

14      The Court finds good cause to grant Defendants' motion.  Accordingly, it is HEREBY
15 ORDERED that Defendants' motion for modification of the scheduling order, filed February 28,
16 2011, is granted.

17 **II.**     **Plaintiff's Motion To Proceed With Trial**

18      Plaintiff moves to proceed to trial.  As the Court has granted Defendants' motion for
19 modification of the scheduling order, and Defendants have filed a motion for summary judgment,
20 Plaintiff's motion is premature.  The Court will resolve Defendants' motion for summary
21 judgment prior to setting any trial.  Accordingly, it is HEREBY ORDERED that Plaintiff's
22 motion to proceed to trial, filed March 8, 2011, is denied.

23 **III.**    **Plaintiff's Motion To Locate James Garcia**

24      Plaintiff moves for a Court order directing the United States Marshal to locate James
25 Garcia, a purported Defendant in this action.  However, there is no Defendant by the name of
26 James Garcia in this action.  The Court will not order the United States Marshal to effect service
27 on a non-defendant. Accordingly, it is HEREBY ORDERED Plaintiff's motion, filed May 9,
28 2011, is denied.

### IV. Plaintiff's Motion Regarding Discovery

Plaintiff requests that the Court allow Plaintiff the opportunity to obtain additional discovery before he files an opposition to Defendants' motion for summary judgment. Pl.'s Mot, Doc. 93. Plaintiff is in effect moving for a Rule 56(d) motion pursuant to the Federal Rules of Civil Procedure. Plaintiff contends that he timely filed his motions for extensions of time. Before proceeding to the merits of Plaintiff's motion, the Court will examine Plaintiff's previous filings regarding discovery in this action.

The Court had set a discovery cut-off date of November 23, 2010. On November 17, 2010, Plaintiff filed a motion with the Court, requesting a thirty-day extension of time to obtain discovery from Defendants. Doc. 70. On November 19, 2010, Defendants filed an opposition. Doc. 71. Defendants contended that they replied to Plaintiff's requests for admissions, sets one and two, and Plaintiff's requests for production of documents, sets one and two. Plaintiff filed no reply. On January 14, 2011, the Court disregarded Plaintiff's motion, finding that Plaintiff had not demonstrated how Defendants have not responded to Plaintiff's discovery requests. Doc. 72.

Plaintiff filed a second motion for extension of time on February 11, 2011. Doc. 79. Plaintiff contended that the Court treated Plaintiff unfairly by not responding to Plaintiff's motion. On February 16, 2011, the Court responded by denying Plaintiff's second motion for extension. Doc. 81. The Court again reminded Plaintiff that Defendants appeared to have responded to all of Plaintiff's discovery requests, thus no further extension of time was warranted.

Plaintiff filed a motion for reconsideration of the undersigned's order on March 1, 2011. Doc. 83. Plaintiff contends that he attempted to certain documents from Defendants, including inmate appeal forms, complaints, and information regarding misconduct by Defendants. On April 13, 2011, the district judge denied Plaintiff's motion for reconsideration, finding no good cause. Doc. 90.

Plaintiff attaches as an exhibit a motion pursuant to California Code of Civil Procedure section 2017(a), now codified at section 2017.010. Plaintiff filed this motion on November 28,

3

2010.  This motion appears to be a discovery request.  Plaintiff contends that Defendants did not respond to this motion.  While it is unclear why, the Court will presume it was due to Plaintiff serving a discovery request after the discovery cut-off date.  The Court in its Discovery and Scheduling Order specifically directed the parties to serve all discovery requests forty-five days prior to the discovery cut-off date.  Thus, Plaintiff's discovery request was untimely.

Plaintiff appears to be dissatisfied with Defendants' responses to his discovery requests.  Defendants did however respond to Plaintiff's discovery requests.  If Plaintiff had an issue with Defendants' discovery responses, Plaintiff could have filed a motion to compel.  Plaintiff did not.

Plaintiff has not demonstrated good cause for a stay of these proceedings pending further discovery.  Accordingly, it is HEREBY ORDERED that Plaintiff's motion regarding discovery, filed May 16, 2011, is denied.

Plaintiff is granted twenty-one (21) days from the date of service of this order in which to file his opposition to Defendants' motion for summary judgment.  Failure to file a timely opposition will be construed as Plaintiff's waiver of the opportunity to file an opposition.

IT IS SO ORDERED.

Dated:   July 14, 2011                    /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE