# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HERNANDEZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-CV-01322-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(DOC. 87)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

**I.　Background**

　　　Plaintiff Shaulton J. Mitchell ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint against Defendants Jung-Hernandez[1], Gutierrez, Sloss, Bustos, and Compelube for conditions of confinement in violation of the Eighth Amendment. Pending before the Court is Defendants' motion for summary judgment, filed March 15, 2011. Defs.' Mot. Summ. J., Doc. 87. No opposition was timely filed. The matter is submitted pursuant to Local Rule 230(l).

---

[1] Defendant is listed as "Hernandez" in Plaintiff's second amended complaint.

1

1  II.    **Summary Judgment Standard**

2           Summary judgment is appropriate when it is demonstrated that there exists no genuine
3  dispute as to any material fact, and that the moving party is entitled to judgment as a matter of
4  law. Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis
> for its motion, and identifying those portions of "the pleadings, depositions,
> answers to interrogatories, and admissions on file, together with the affidavits, if
> any," which it believes demonstrate the absence of a genuine issue of material
> fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

        If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

        In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec.*

*Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E. D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

///
///
///
///

1   **III.**     **Statement Of Facts[2]**

        At all relevant times, Plaintiff was an inmate at California State Prison, Corcoran (CSP-Cor). Second Am. Compl. (SAC) 3-4, 6. Plaintiff was housed in the Security Housing Unit (SHU), and was fed at his cell. Steele Decl., Ex. A, Pl.'s Dep. 20:15-17. At all times relevant to this action, Defendants Jung-Hernandez, Gutierrez, Compelube, Bustos, and Sloss were employed as correctional officers at CSP-Cor. SAC 2-3. On April 5, 2007, Plaintiff had a disagreement with Defendant Jung-Hernandez about the food Plaintiff was served. *Id.* ¶ 1. Afterward, Defendant Jung-Hernandez and another officer moved Plaintiff to a different cell. *Id.* Plaintiff did not like the condition of the cell to which he was moved, so he filed an administrative appeal in which he requested that Defendant Jung-Hernandez be fired. *Id.* ¶¶ 2-5.

        On April 25, 2007, and April 29, 2007, Defendants Jung-Hernandez and Gutierrez refused to feed Plaintiff breakfast and lunch. *Id.* ¶¶ 10, 13. On May 1, 2, and 3, 2007, Defendants Jung-Hernandez, Gutierrez and Compelube refused to feed Plaintiff breakfast and lunch. *Id.* On May 10, 2007, Defendants Bustos and Gutierrez refused to feed Plaintiff breakfast and lunch. *Id.* ¶ 16. On May 11, 2007, Defendant Jung-Hernandez refused to feed Plaintiff breakfast and lunch. *Id.* ¶ 20. On May 17, 2007, Defendant Sloss refused to feed Plaintiff breakfast and lunch. *Id.* ¶ 19.

        The nutritional content of Plaintiff's diet during the four week period in which he claims he was denied meals was within generally accepted guidelines for adequate calories, protein, and carbohydrates. Maurino Decl. ¶¶ 7-15.[3] The 2007 CSP-Cor menu contained approximately 300

---

[2] All facts are considered undisputed, unless otherwise noted. Plaintiff's verified complaint may be treated as an opposing affidavit to the extent that it is verified and sets forth admissible facts (1) within Plaintiff's personal knowledge and not based merely on Plaintiff's belief and (2) to which Plaintiff is competent to testify. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). The Court will consider only those facts and evidence that are relevant to resolving Defendants' motion for summary judgment.

[3] Defendants submit as evidence in support a declaration from Laurie Maurino, a registered dietician employed by the CDCR as Departmental Food Administrator in the Food and Nutrition Services Department. Maurino reviewed CSP-Cor's food menu for 2007 concerning

4

more calories per day than the minimum amount required by an average, moderately active adult to maintain adequate nutrition, so that inmates could discard food they dislike, or food that does not agree with them, and still receive adequate nutrition and an adequate number of calories per day. *Id.* ¶¶ 8, 9.

There is no record in Plaintiff's medical file of his having sought health care services in April, May, or June 2007 for any symptoms or conditions related to malnourishment or lack of food. Clark Decl. ¶ 3.[4] There is no record of Plaintiff having complained to any health care provider that he was not fed by correctional officers during that time period. *Id.* There are records of Plaintiff being treated during May 2007, for pain in his ribs and back that was attributed to a violent event in 2006, as well as a few other minor ailments unrelated to malnourishment or lack of food, so Plaintiff was in contact with health care providers during the time that he claims he was deprived of meals. *Id.*

There is no record that any health care provider who saw Plaintiff during April, May, or June 2007, noted any condition consistent with malnourishment. *Id.* ¶ 4. Plaintiff is 5' 8'' tall. *Id.* ¶ 5. The ideal body weight for a moderately active man of his height is between 122 and 164 pounds. *Id.* On March 10, 2007, before Plaintiff was allegedly denied meals, Plaintiff weighed 167 pounds. *Id.* ¶ 6. On May 23, 2007, after the last alleged denial of food, Plaintiff weighed 164 pounds. *Id.* Both weights are within the normal, healthy range for a man of Plaintiff's height and build. *Id.* The difference of three pounds is so minimal that it likely represents normal fluctuation within a healthy range. *Id.* The difference between 167 pounds and 164 pounds is inconsistent with malnourishment. *Id.*

Serum albumin is a protein made by the liver. *Id.* ¶ 7. Serum albumin is well known as a

---

the incident at issue. Defendants have sufficiently established that Maurino is competent to testify to the matters stated. *See* Fed. R. Civ. P. 56(c)(4).

[4] Defendants submit as evidence in support a declaration from E. Clark, a licensed physician in the state of California and Chief Medical Officer at CSP-Cor. Clark reviewed Plaintiff's medical records from January through December of 2007. Defendants have sufficiently established that Clark is competent to testify to the matters stated. *See* Fed. R. Civ. P. 56(c)(4).

5

1 marker for nutritional status. *Id.* The normal range for albumin level is between 3.2 and 5.2. *Id.*
2 In June 2007, Plaintiff's albumin level was 4.5. *Id.* Thus, Plaintiff's albumin level was within
3 the normal range. *Id.* Plaintiff's albumin level is inconsistent with malnutrition. *Id.* Plaintiff
4 cannot say that not being fed ever caused him to develop an illness that required medical
5 attention. Steele Decl., Ex. A, Dep. 48:22-49:5.

## IV.	Analysis

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Id.* at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Id.* at 835; *Frost*, 152 F.3d at 1128.

Defendants contend that Plaintiff was provided with adequate nutrition and was not exposed to conditions that posed a substantial risk of serious harm. Defs.' Mot. Summ. J. 6:20-

7:11. Defendants contend that Plaintiff's alleged modified menu from April and May of 2007 was nutritionally balanced, and did not cause any significant weight loss. *Id.* Based on the undisputed facts, Plaintiff's weight was within the normal parameters of a healthy man with his height and build. No record indicates that Plaintiff suffered any malnourishment during April, May, or June of 2007. Despite the food deprivation, Plaintiff's weight fluctuation was within normal parameters. The undisputed facts indicate that Plaintiff did not suffer a substantial risk of serious harm to Plaintiff's health. Accordingly, there are no genuine disputes of material fact in this action. Defendants are entitled to judgment as a matter of law.

## V.   Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that.

1. Defendants' motion for summary judgment, filed March 15, 2011, should be GRANTED;

2, Summary judgment should be granted in favor of all Defendants and against Plaintiff; and

3. The Clerk of the Court be directed to enter judgment accordingly.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 3, 2011                       /s/ Dennis L. Beck
                                               UNITED STATES MAGISTRATE JUDGE